Andrew D. Skale (SBN 211096)
 askale@mintz.com
Ben L. Wagner (SBN 243594)
 bwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff
ZIPBUDS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPBUDS, LLC. | Case No. **'12CV2288 JAH MDD** |
| Plaintiff, | **PLAINTIFF ZIPBUDS' COMPLAINT FOR DESIGN PATENT AND TRADEDRESS INFRINGEMENT; AND UNFAIR COMPETITION** |
| v. | |
| CLAIRE'S STORES, INC. d/b/a CLAIRE'S | |
| Defendant. | JURY DEMANDED |

Plaintiff ZIPBUDS, LLC. for its Complaint against Defendant CLAIRE'S STORES, INC d/b/a Claire's alleges and states as follows:

## THE PARTIES

1.     Plaintiff ZIPBUDS, LLC, ("Zipbuds") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 6170 Cornerstone Court East, Suite 260, San Diego, CA 92121.

2.     Defendant CLAIRE'S STORES, INC. d/b/a Claire's ("Claire's") is a corporation organized and existing, on information and belief, under the laws of the State of Florida, with its principal place of business at, on information and belief, 3 S.W. 129th Avenue, Pembroke Pines, FL 33027.

## JURISDICTION AND VENUE

3.     This is a civil action for design patent infringement arising under the Patent Laws of the United States, 35 U.S.C. sections 1 et seq.  Subject matter jurisdiction is therefore proper under

1
COMPLAINT

28 U.S.C. sections 1331 and 1338(a).  This is also an action for trade dress infringement and unfair competition under the Lanham Act and thus jurisdiction is proper under 15 U.S.C. section 1121.

4.     This Court has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to 28 U.S.C. § 1332(a) because this dispute is between citizens of complete diversity, including a Florida company and a California company, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this judicial district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in the district; plaintiff resides in this district; and the defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, its repeated availment and direction of its activity toward this district, and engaging in acts of infringement in this judicial district.  Defendant offered for sale the Accused Product online and fulfilling shipments of products made online to San Diego and, on information and belief, sold and/or sells the Accused Product in it stores in San Diego.

## FACTUAL BACKGROUND

6.     Through heavy investment and hard work, Zipbuds designed a unique type of headphone that is both useful and highly aesthetically pleasing.  The design is so aesthetically pleasing and ornamental that Zipbuds pursued and obtained a design patent to protect against others who may wish to sell what an ordinary observer would view as the same product.  A copy of Zipbuds' U.S. Design Patent, US D652,407 S, is attached to this Complaint as Exhibit 1 ("'407 Patent").  The '407 Patent protects design features which are in addition to the trade dress protection afforded the particular trade dress Zipbuds selected and promoted to enhance its brand recognition.

7.     Zipbuds' earphones are referred to hereinafter as "ZIPBUDS."  The look of the ZIPBUDS has been created to give it a distinctive appearance that may be identified in the minds of consumers with the brand, and Zipbuds has acquired secondary meaning in its trade dress, including those trade dress features further specified below.

8.     Zipbuds has been marketing and selling its unique ZIPBUDS earphones since at least as early as November 9, 2010, and has gained significant market recognition.  In 2011 alone, over

2

1  $1.5 million in sales of the ZIPBUDS earphones were made by Zipbuds, including through its

2  website and the far-reaching Amazon.com website.  The colorful, high-quality ear buds have

3  become known for their quality and superior product design.  By 2012, the ZIPBUDS earphones

4  won Travel & Leisure's best personal gadget award.  They have been featured extensively in the

5  media, including gizmag.com (http://www.gizmag.com/zipbuds-keep-tangles-at-bay/17337/), C-Net

6  (http://reviews.cnet.com/headphones/zipbuds-by-dga-tangle/4505-7877_7-34221397.html),

7  PRnewswire.com (http://www.prnewswire.com/news-releases/zipbuds-introduces-2nd-generation-

8  of-tangle-resistant-earphones-featuring-higher-quality-sound-and-enhanced-functionality-

9  130763828.html), among other sites.  These products have been recognized for their innovation, and

10  also their successful refinement of a zipper earphone.

11       9.      Unfortunately, in the midst of this success, Zipbuds discovered that Defendant

12  started manufacturing and selling a competing earphone that infringes the trade dress and design

13  patent of Zipbuds.

14       10.     Defendant has begun sales of its product under the Claire's "Fun Stuff" brand

15  (including but not limited to Item # 76263) (collectively "Accused Products" or "Accused

16  Product").

17       11.     Defendant has sold the Accused Products in California, specifically in San Diego.

18       12.     Not only is Defendant's product a copy of Zipbuds' valuable patented design, it is

19  also marketed with features that are virtually indistinguishable from Zipbuds' valuable product

20  trade dress and design patent.

21       13.     The Accused Product also infringes the design of the '407 Patent and the trade dress

22  of the ZIPBUDS earphones that utilize that valuable design.  The '407 Patent was issued after

23  review of relevant prior art, and found to be a novel design for earphones.

24       14.     As with the '407 Patent, the Accused Product does not begin its zipper feature

25  immediately, but only does so partially up the chord from the ear phone plug.  Additionally, the

26  base from which the zipper extends is shaped with a conical shape, as is present in the '407 Patent

27  and the ZIPBUDS earphones.

28

15.     The Accused Products are sold in zipper tooth color option pink, a color offered for the ZIPBUDS earphones.  The Accused Products all use the same looking black chord that teaches an advantage over prior designs, the same shape of the chord, the same thin and skinny rectangular black glossy zipper handle and zipping mechanism, the building of the zipper teeth directly over the cord, the zipper-tooth shape, the spacing between the zipper teeth, the black earpiece with silver ring, all similarities between the '407 Patent and/or the ZIPBUDS earphones' trade dress and the Accused Products.  These similarities to an ordinary observer would lead one to conclude the design in the '407 Patent and the Accused Product are substantially the same such that he or she would be deceived into purchasing one believing it to be the other.  These same similarities in trade dress are also likely to confuse the average consumer into believing there is an association, relationship, sponsorship or other affiliation between the Accused Product and Plaintiff.

16.     When Zipbuds learned of this infringement, it promptly contacted Defendant and demanded it cease sales on June 22, 2012.  The cease and desist letter identified the exact product, stated the bases by which it was violating Zipbuds' rights, and demanded that the sales of the Accused Product immediately cease.

17.     Defendant did not stop sales, but instead responded on July 11, 2012 refusing to agree to Zipbuds' demands.

18.     Defendant's sales are willful and intentionally impinging on Zipbuds' trade dress and design patent rights.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. D652,407 S

19.     Zipbuds realleges all allegations in this Complaint as if stated herein.

20.     On January 17, 2012, United States Patent Number D652,407 S ('407 Patent) entitled "Zippered Earphones," was duly and legally issued to Zipbuds, who has the right to enforce this patent.

21.     Defendant has infringed and continues to infringe the '407 Patent by making, using, selling, offering for sale, importing, and/or actively inducing others to use products that infringe one or more of the patented design(s) in the '407 Patent, and is thus liable for patent infringement

1 | pursuant to 35 U.S.C. § 271.  This includes the practice by Defendant via the Accused Product,

2 | which infringes claim 1 of the '407 Patent.

3 |      22.    Defendant's infringement of the '407 Patent has caused and continues to cause

4 | damage to Zipbuds in an amount to be determined at trial.

5 |      23.    Defendant's infringement of the '407 Patent has caused and will continue to cause

6 | immediate and irreparable harm to Zipbuds for which there is no adequate remedy at law, unless

7 | this Court enjoins and restrains such activities.

8 |      24.    Defendant knew of the '407 Patent prior to the filing of this lawsuit.

9 |      25.    Defendant's infringement of the '407 Patent was willful and deliberate, entitling

10 | Zipbuds to enhanced damages pursuant to 35 U.S.C. § 284, and costs incurred prosecuting this

11 | action.

12 | **SECOND CLAIM FOR RELIEF**

13 | **TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION**

14 | **(15 U.S.C. § 1125 *et seq.* and Common Law)**

15 |      26.    Zipbuds incorporates by reference all other paragraphs contained in this Complaint.

16 |      27.    Zipbuds owns the trade dress rights to the trade dress of its ZIPBUDS products by

17 | virtue of its long and continuous use which has come to associate this trade dress with itself in the

18 | minds of the relevant consuming public.

19 |      28.    Defendant has committed proscribed acts of unfair competition.

20 |      29.    Defendant has sold and offered for sale counterfeit goods, as alleged above, falsely

21 | designating their origin.  This includes trade dress infringement of the ZIPBUDS, as alleged above.

22 |      30.    On information and belief, Defendant's unfair competition was knowing and willful.

23 |      31.    Defendant's uses are likely to cause confusion and mistake with the public and

24 | deceive them into believing that there is an affiliation, connection and association between

25 | Defendant and Zipbuds.

26 |      32.    As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered

27 | and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation

28 | and goodwill.  As such, Zipbuds' remedy at law is not adequate to compensate for injuries inflicted

1    by Defendant.  Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive

2    relief.

3         33.    By reason of such wrongful acts, Zipbuds is and was, and will be in the future,

4    deprived of, among others, the profits and benefits of business relationships, agreements, and

5    transactions with various existing clients and/or prospective clients and customers.  Defendant has

6    wrongfully obtained said profits and benefits.  Zipbuds is entitled to compensatory damages and

7    disgorgement of Defendant's said profits, in an amount to be proven at trial, along with other just

8    damages.

9                          **THIRD CLAIM FOR RELIEF**

10                          **UNFAIR COMPETITION**

11                          **(California Common Law)**

12        34.    Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

13        35.    Plaintiff has the exclusive right to use the ZIPBUDS trade dress by virtue of its

14   extensive and continuous use.

15        36.    Defendant has committed unlawful acts of unfair competition, as alleged above.

16        37.    As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered

17   and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation

18   and goodwill.  As such, Zipbuds' remedy at law is not adequate to compensate for injuries inflicted

19   by Defendant.  Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive

20   relief.

21        38.    By reason of such wrongful acts, Zipbuds is and was, and will be in the future,

22   deprived of, among others, the profits and benefits of business relationships, agreements, and

23   transactions with various existing clients and/or prospective clients and customers.  Defendant has

24   wrongfully obtained said profits and benefits.  Zipbuds is entitled to compensatory damages and

25   disgorgement of Defendant's said profits, in an amount to be proven at trial, along with other just

26   damages.

27        39.    Such acts, as alleged above, were done with malice, oppression and/or fraud, thus

28   entitling Zipbuds to exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF

### STATUTORY UNFAIR COMPETITION

#### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

40.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

41.     Defendant has committed proscribed acts of unfair competition, as alleged above.

42.     As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill.  As such, Zipbuds remedy at law is not adequate to compensate for injuries inflicted by Defendant.  Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive relief.

43.     By reason of such wrongful acts, Zipbuds is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing clients and/or prospective clients and customers.  As a result, Zipbuds is entitled to restitutionary relief in an amount to be determined upon proof at the time of trial.

### PRAYER

**WHEREFORE**, Plaintiff demands the following relief:

1.     A judgment in favor of Plaintiff Zipbuds and against Defendant on all counts;

2.     A preliminary and permanent injunction from design patent and trade dress infringement, and unfair business practices by Defendant;

3.     Damages in an amount to be determined at trial, including Defendant's unjust enrichment, such damages enhanced and/or trebled for willful infringement;

4.     Exemplary and punitive damages;

5.     Pre-judgment interest at the legally allowable rate on all amounts owed;

6.     Costs, expenses and fees under, among others, 15 U.S.C. § 1117(a)-(b);

7.     Restitution;

8.     An order finding that Defendant's infringement of the patent-in-suit has been willful and trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

9.     A declaration that this is an exceptional case and award Plaintiff its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285;

10.    Attorney's fees under, among others, 15 U.S.C. § 1117(a) as an exceptional case; and

11.    Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY**

Zipbuds demands trial by jury on all issues triable as a matter of right at law.

Dated: September 19, 2012          MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO


By:  s/Andrew D. Skale
        Andrew D. Skale, Esq.

*Attorneys for Plaintiff,*
*ZIPBUDS, LLC.*

6824300v.1